**FITCH, EVEN, TABIN & FLANNERY**
Edward W. Gray, Jr. (CA Bar No. 80966)
1250 23rd Street NW, Suite 410
Washington, DC 20037
Telephone: (202) 419-7000

**FITCH, EVEN, TABIN & FLANNERY**
Scott J. Menghini (CA Bar No. 199216)
9330 Scranton Road, Suite 350
San Diego, California 92121
Telephone: (858) 552-1311

**FITCH, EVEN, TABIN & FLANNERY**
Jon A. Birmingham (CA Bar No. 271034)
21700 Oxnard Street, Suite 1740
Los Angeles, CA 91367
Telephone: (818) 715-7025

**FITCH, EVEN, TABIN & FLANNERY**
Alisa C. Simmons (IL Bar No. 6270618) (*Pro Hac Vice* to be filed)
120 S. LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 577-7000
Attorneys for Plaintiff
PC SPECIALISTS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PC Specialists, Inc. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. **'15CV2804 WQHMDD** |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| The Intelligence Group, LLC | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

Plaintiff, PC Specialists, Inc., hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks permanent injunctive relief and damages against Defendant's willful infringement of Plaintiff's trademarks TIG and TIG GLOBAL, under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"), for infringement and unfair competition under California Business & Professions Code §§ 14335 and 17200, for infringement and unfair competition under common law, and an order refusing registration of applied-for marks to Defendant.

2. PC Specialists, Inc., also known as Technology Integration Group, is a corporation organized under the laws of California that does business as "TIG." TIG has a business address of 10240 Flanders Court, San Diego, CA 92121. TIG, a leading company in the field of information technology consulting and solutions and computer hardware, software, and network integration services, is the owner of the TIG, TIG GLOBAL, and TECHNOLOGY INTEGRATION GROUP trademarks and trade names in connection with offering information technology, network consulting, network and security integration and forensic services, and providing computers, computer hardware, software and computer and Internet based services and equipment and recovery and safe destruction of used computer equipment throughout the United States and abroad, based on its use beginning at least as early as 1994.

3. The Intelligence Group, LLC ("Defendant") is a limited liability company organized under the laws of New Jersey, with a business address at 1545 Route 206 Suite 202, Bedminster, NJ 07921.

4. Defendant provides business investigation services, computer and digital forensic investigation and consulting services, and environmental remediation investigation and consulting services throughout the United States and abroad.

PC SPECIALISTS, INC. V. THE INTELLIGENCE GROUP, LLC
COMPLAINT

2

5. With full knowledge of TIG's rights in, and prior use of, TIG's registered trademark TIG, Defendant intends to use, has applied to register federally, and has used, the trademark TIG ENVIRONMENTAL in connection with its goods and services.

6. With full knowledge of TIG's rights in, and prior use of, TIG's registered mark TIG, Defendant intends to use and has applied to register federally, the trademark TIG FORENSICS in connection with its goods and services.

7. Upon information and belief, Defendant's use of the TIG ENVIRONMENTAL and TIG FORENSICS marks are likely to confuse consumers and to induce them into falsely associating Defendant and TIG, that either party's goods and services are sponsored, endorsed, approved by the other party, or that TIG or Defendant are the source of the other's goods and services.

8. Defendant thereby willfully infringes TIG's TIG trademark, injuring TIG's business relationships and unfairly competes with TIG.

## JURISDICTION AND VENUE

9. This is a civil action arising under the Lanham Act, Title 15, United States Code, § 1051 *et seq.*, and under the common and statutory laws of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.

11. Personal jurisdiction over the Defendant is vested and venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of California. Defendant advertises and promotes its services nationwide with offices across the country. On information and belief, the Defendant offers its services in all fifty states, including in California and in this District. On information and belief, the

Defendant solicits business from customers in California and in this District. Defendant thereby purposefully avails itself of the privilege of doing business in this State and in this District. Personal jurisdiction is also proper in this District in that Defendant's intentional and wrongful infringement is directed at this District and at TIG, of whom Defendant knew to be a resident of this District and State prior to seeking to register the trademarks at issue herein.

12. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District.

## **FACTS**

13. TIG is a global, single source IT solutions provider for businesses and organizations of all sizes, including government entities and law firms. TIG sells a wide array of products or services requested by a customer in the field of computers, software and information technology and security. TIG also designs integrated hardware and software solutions for its customers.

14. TIG's product and service offerings include data migration and conversion, data warehousing, hosting services, outsourcing services, procurement services, technical staffing services, help desk implementation and management, complete IT management services, business continuity services, infrastructure management services, operating system management & maintenance, storage assessments, storage solution design, security policy development, security architecture design, security vulnerability assessments, penetration testing, security content management, regulatory compliance, networking services and network performance management, wireless assessments, network traffic assessments, wireless services, managed print services, VoIP telecommunication assessments, telecommunication assessments, eCommerce integration services, computer system design and technical support services, value-added reseller services, cloud computing, hardware recycling and decommissioning, recycling and reuse

of used computer and electronic equipment, virtualization, IT security services, intrusion detection, prevention, and management services, video conferencing, software development, high performance computing clusters, data destruction services, software testing, among other products and services.

## TIG's Valuable Trademark Rights

15. TIG owns all right, title and interest in the following federally registered marks:

| Mark | Serial No. | Reg. No. | Goods and Services |
|---|---|---|---|
| TIG | 76/223,921 | 2,720,478 | **Class 37:** Computer hardware and network installation, support and maintenance services.<br><br>**Class 42:** Computer hardware, software and network integration services; computer hardware, software and network design services; computer hardware, software and network management and control services; data warehousing; web site hosting services for others; computer software installation, maintenance and support; computer hardware, and network support services. |
| TIG GLOBAL | 78/981,076 | 3,636,960 | **Class 35:** Business consultation services in the fields of web-based strategy; business management consultation services; and business marketing consulting services in the field of electronic commerce, namely, assisting on-line retail service providers with defining and targeting a consumer market and consumer audience. |
| TECHNOLOGY INTEGRATION GROUP | 75/647,798 | 2,391,057 | **Class 35:** Retail services by direct solicitation by employees and sales agents in the field of computer software and hardware; on-line retail store services in the field of computer software and hardware.<br><br>**Class 37:** Installation of computer systems.<br><br>**Class 42:** Computer system design, and technical support services, namely, trouble shooting of computer hardware and software |

| Mark | Serial No. | Reg. No. | Goods and Services |
|---|---|---|---|
| | | | problems via telephone, e-mail and in person. |

16. TIG is the registered owner of the url "www.tig.com," which TIG uses to advertise, market and promote computers, hardware, software and computer and Internet based services and equipment, as well as information technology integration and consulting services, and security integration and consulting services throughout the United States and abroad.

17. Since at least as early as April 1, 1994, TIG has continuously promoted, offered and sold its goods and services in connection with the TIG marks and has earned an enviable goodwill thereby.

18. On February 25, 1999, TIG filed United States Trademark Application Serial No. 75/647,798 to register the mark TECHNOLOGY INTEGRATION GROUP. On October 3, 2000, the United States Patent and Trademark Office issued Registration No. 2,391,057 to TIG for the mark TECHNOLOGY INTEGRATION GROUP which Registration is currently valid and subsisting. A true and correct copy of the USPTO online record for the '057 Registration is attached hereto as Exhibit A.

19. On March 12, 2001, TIG filed United States Trademark Application Serial No. 76/223921 to register the mark TIG. On June 3, 2003, the United States Patent and Trademark Office issued Registration No. 2,720,478 to TIG for the mark TIG which Registration is currently valid and subsisting. A true and correct copy of the USPTO online record for the '478 Registration is attached hereto as Exhibit B.

20. On September 9, 2004, application Serial No. 78/981,076 was filed with the United States Patent and Trademark Office to register the mark TIG GLOBAL for use in connection with business consultation services in the fields of branding corporate identity, marketing strategy and planning, marketing communications planning and project management, web-based strategy, market research, analysis and reporting,

communications measurement and bench marking, business management consultation services, advertising services, and business marketing consulting services in the field of electronic commerce. Said application was registered by the USPTO on June 9, 2009 for said services as Registration No. 3,636,960 and is presently owned by TIG. Said Registration is currently valid and subsisting. A true and correct copy of the USPTO online record for the '960 Registration is attached hereto as Exhibit C.

21. All of the marks identified in paragraph numbers 15 and 18 through 20 are hereinafter collectively referred to as the "TIG marks."

22. Such TIG registrations provide constructive notice of TIG's claim of ownership of the TIG marks.

23. Such TIG registrations are *prima facie* evidence of the validity of the registered TIG marks, of the registration of the TIG marks and of TIG's ownership and exclusive right to use the registered TIG marks in commerce on or in connection with the goods or services specified in the TIG registration certificates.

24. By virtue of the long, continuous and exclusive use by TIG of the TECHNOLOGY INTEGRATION GROUP trade name and TIG marks and the extensive marketing efforts and repeated association of TIG's goods and services with the TIG marks, the consuming public in California and nation-wide uses the TIG marks to identify TIG's goods and services, and associates the TIG marks with TIG exclusively.

Defendant's Federal Applications for TIG ENVIRONMENTAL and TIG FORENSICS

25. Defendant provides business investigation services, computer and digital forensic investigation and consulting services, and environmental remediation investigation and consulting services nationwide, which services extensively employ computer services and techniques.

26. Defendant uses the mark TIG ENVIRONMENTAL in connection with providing environmental remediation investigation and consulting services nationwide,

with those services including the creation and management of searchable databases and records management systems and litigation and e-discovery support services, among others.

28. Defendant's computer and digital forensic investigation and consulting services include helping investigate and secure against loss or threats to an organization's assets. Providing these services, Defendant uses computer software and tools to evaluate electronic data, electronic communications, computer usage, accessing of proprietary data. Defendant also addresses data breaches, hacks, and intrusions of IT (information technology) systems and provides electronic discovery and litigation support.

28. Upon information and belief, Defendant has used and intends to use its TIG FORENSICS and TIG ENVIORNMENTAL marks in connection with offering its computer and digital forensic investigation and consulting services, in direct competition with TIG and its goods and services.

29. Defendant markets and sells its computer forensics, digital forensics, and environmental services to corporations, government entities, and law firms.

30. With prior knowledge of TIG's aforementioned trademark registrations, Defendant filed on January 25, 2013, U.S. Trademark Application Serial No. 85832866 with the U.S. Patent and Trademark Office, seeking registration on the Principal Register for the TIG ENVIRONMENTAL mark in connection with, "Expert witness services in legal matters in the field of environmental liability," in Class 45. A true and correct copy of the USPTO online record and application 85832866 as filed are attached hereto as Exhibit D.

31. With prior knowledge of TIG's aforementioned trademark registrations, Defendant filed on January 25, 2013, U.S. Application Serial No. 85832908 with the U.S. Patent and Trademark Office, seeking registration on the Principal Register for the TIG FORENSICS mark in connection with, "Computer forensic services performed in

connection with corporate liability matters," in Class 42. A true and correct copy of the USPTO online record and application 85832908 as filed are attached hereto as Exhibit E.

32. Defendant's adoption of and application for its TIG ENVIRONMENTAL and TIG FORENSICS marks will foreclose TIG's ability to use and expand TIG's own existing computer and digital forensics services and offerings and its environmental-related services under its TIG marks.

33. TIG has opposed the registration of the marks shown in Application Serial Nos. 85832866 and 85832908 which Opposition proceeding Nos. 91215901 and 91215902 are currently pending before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

Defendant's Use of TIG FORENSICS & TIG ENVIRONMENTAL Marks Harms TIG

34. Defendant has no right to use the TIG ENVIRONMENTAL or the TIG FORENSICS marks or to benefit therefrom.

35. Defendant uses and intends to continue using, the TIG ENVIRONMENTAL and TIG FORENSICS marks on goods and services and in channels of trade that are identical, or closely related to, TIG's goods and services and channels of trade.

36. Defendant owns the url "intell-group.com" on which it advertises, promotes, and offers its computer forensics and digital forensics investigation and consulting services.

37. Defendant's intell-group.com website is accessible nationwide.

38. On the intell-group.com website, Defendant uses the TIG ENVIRONMENTAL mark in close proximity to advertisement and promotion of its computer forensics and digital forensics investigation and consulting services.

39. On information and belief, Defendant will use the TIG FORENSICS mark to identify, advertise, promote, and sell its computer and digital forensic investigation and consulting services, including on the intell-group.com website.

40. Defendant intends to promote and promotes its TIG FORENSICS and TIG ENVIRONMENTAL marks and the services offered thereunder using the same business entity, same offices, same website, and same sales force.

41. Defendant's sales, intended sales, and promotions of its goods and services under or in association with the TIG ENVIRONMENTAL mark and TIG FORENSICS mark are or will be conducted through the same channels of trade as are used by TIG to promote and sell its goods and services. Defendant's offering of its goods and services under or in association with the TIG mark and Defendant's other actions described herein are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade with TIG's goods and services.

42. Defendant's use of the TIG ENVIRONMENTAL mark and TIG FORENSICS mark and its actions described herein have been, and continue to be, deliberate, willful, and with disregard to the rights of TIG.

43. Defendant's use of the TIG ENVIRONMENTAL mark harms or risks harm to TIG.

44. Defendant's use and intended use of the TIG FORENSICS mark harms or risks harm and will cause or risk harm to TIG.

45. Defendant's registration of the TIG ENVIRONMENTAL mark with the U.S. Patent and Trademark Office will cause damage TIG.

46. Defendant's registration of the TIG FORENSICS mark with the U.S. Patent and Trademark Office will cause damage to TIG.

47. Defendant's conduct is ongoing. TIG has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which injury is not fully compensable by the award of monetary damages. Unless Defendant is restrained and enjoined from engaging in its infringing conduct, TIG will continue to suffer irreparable injury.

# FIRST CAUSE OF ACTION

## (Trademark Infringement - 15 U.S.C. § 1114(1))

48. TIG incorporates herein by reference each and every allegation in the preceding paragraphs.

49. Prior to Defendant's use of the TIG ENVIRONMENTAL mark, Defendant had actual notice and knowledge of TIG's rights in the TIG marks.

50. Prior to Defendant's use of the TIG FORENSICS mark, Defendant had actual notice and knowledge of TIG's rights in the TIG marks.

51. As aforesaid, Defendant has used the TIG ENVIRONMENTAL mark and TIG FORENSICS mark in interstate commerce.

52. Defendant intends to promote and promotes its TIG FORENSICS and TIG ENVIRONMENTAL marks and the services offered thereunder using the same business entity, same offices, same intell-group.com website, and the same sales force.

53. On information and belief, the goods and services offered and/or sold by Defendant under its TIG ENVIRONMENTAL mark are moving and will continue to move through the same channels of trade, and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by TIG.

54. TIG has not consented to Defendant's use of the TIG ENVIRONMENTAL or TIG FORENSICS marks.

55. Defendant's use of the TIG ENVIRONMENTAL and TIG FORENSICS marks is an attempt to trade on the goodwill and reputation established in the TIG marks and to create a false impression of association with TIG.

56. Defendant's unauthorized use of TIG ENVIRONMENTAL and TIG FORENSICS marks, as alleged herein, falsely indicates to consumers and others that Defendant's goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to TIG, and/or the products and services of TIG.

57. Defendant's unauthorized use of the TIG mark is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendant is selling in connection with the TIG FORENSICS and TIG ENVIRONMENTAL marks.

58. The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

59. The intentional and willful nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

60. TIG has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the TIG marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition - 15 U.S.C. § 1125(a) *et seq.*)

61. TIG incorporates herein by reference each and every allegation in the preceding paragraphs.

62. Defendant's marketing, advertising, promoting, distributing and selling of goods and services in commerce using copies, variations, simulations, or colorable imitations of the TIG marks is without authority or license from TIG. The conscious use of copies, variations, simulations, or colorable imitations of the TIG marks, combined with the express or implied representation that such use originated with, is associated with, or is endorsed or approved by TIG, constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

63. Consumers are likely to be misled and deceived into believing, based on the Defendant's conduct in using the TIG marks in connection with Defendant's goods and

services, that such goods and services are in association with, sponsored, or approved by TIG when no such association, sponsorship, or approval exists.

64. On information and belief, TIG believes that the Defendant's selection, incorporation, and use of the TIG marks, and/or copies, variations, simulations, or colorable imitations thereof, was made with full knowledge of the prior and extensive use by TIG of the TIG marks and were done with an intent to deceive the consuming public.

65. Defendant's acts alleged herein were willful and deliberate and have harmed TIG in an amount to be determined at trial and such damage will increase unless the Defendant is enjoined from its wrongful actions.

66. Defendant's infringing use of the TIG marks is causing immediate and irreparable injury to TIG and to its goodwill and reputation and will continue to damage TIG and confuse the public unless enjoined by this Court. TIG has no adequate alternative remedy at law to an injunction.

## THIRD CAUSE OF ACTION

(Trademark Infringement - Cal. Bus. & Prof. Code §14335 *et seq*.)

67. TIG incorporates herein by reference each and every allegation in the preceding paragraphs.

68. Defendant engaged in the acts as alleged herein to enhance the commercial value of its goods or services.

69. Defendant's acts as alleged herein constitute, among other things, unauthorized use or infringement of TIG's trademark rights and goodwill under California Business and Professions Code §§ 14335 *et seq*.

70. Unless enjoined, Defendant will continue its infringing conduct.

71. As a direct and proximate result of Defendant's infringing conduct, TIG has suffered and will continue to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law.

72. Because Defendant's actions have been committed willfully, maliciously and intentionally, TIG is entitled to recover Defendant's profits together with TIG's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Cal. Bus & Prof. Code §§14320, 14330, and 14340.

## FOURTH CAUSE OF ACTION

(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)

73. TIG incorporates herein by reference each and every allegation in the preceding paragraphs.

74. Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to TIG and consumers.

75. The above acts by Defendant constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

76. Pursuant to California Business and Professions Code § 17203, TIG is entitled to enjoin these practices.

77. Without injunctive relief, TIG has no means by which to control Defendant's deceptive and confusing use and advertising of its marks. TIG is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

## FIFTH CAUSE OF ACTION

(Common Law Trademark Infringement and Unfair Competition)

78. TIG incorporates herein by reference each and every allegation in the preceding paragraphs.

79. The aforesaid wrongful acts of Defendant constitute willful infringement of the TIG Marks and unfair competition under the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, TIG respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the TIG marks have been and continue to be infringed by Defendant;

b) Preliminarily and permanently enjoining Defendant and each of its agents, employees, servants, officers, directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with it, from using the TIG marks or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith;

c) Preliminarily and permanently enjoining Defendant to recall from all its offices and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with it, any material containing the TIG marks in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith;

d) Preliminarily and permanently enjoining Defendant, its officers, agents, employees, and all persons acting in concert with them, from infringing the TIG marks and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of TIG;

| | | |
|---|---|---|
|  | e) | Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its possession or under its control that contain infringements of the TIG marks; |
|  | f) | For all actual damages sustained by TIG as the result of Defendant's acts of infringement, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117; |
|  | g) | For an accounting of the profits of Defendant resulting from their acts of infringement pursuant to 15 U.S.C. § 1117; |
|  | h) | For enhanced damages pursuant to 15 U.S.C. § 1117; |
|  | i) | For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law; |
|  | j) | For TIG's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law; |
|  | k) | For disgorgement of all gains, profits, and advantages derived by Defendant from its acts of unfair competition and other violations of law; |
|  | l) | For judgment refusing federal trademark registration by the Defendant of the TIG ENVIRONMENTAL and TIG FORENSICS marks; and |
|  | m) | Granting TIG such additional, other, or further relief as the Court deems proper and just. |

Dated: December 14, 2015

FITCH, EVEN, TABIN & FLANNERY LLP

/s/Jon A. Birmingham
Jon A. Birmingham (CA Bar No. 271034)
21700 Oxnard Street, Suite 1740
Los Angeles, CA 91367
Telephone: (818) 715-7025

PC SPECIALISTS, INC. v. THE INTELLIGENCE GROUP, LLC
COMPLAINT
16

| | |
|---|---|
| 1 | Edward W. Gray, Jr. (CA Bar No. 80966) |
| 2 | 1250 23rd Street NW, Suite 410 |
| | Washington, DC 20037 |
| 3 | Telephone: (202) 419-7000 |
| 4 | |
| | Scott J. Menghini (CA Bar No. 199216) |
| 5 | 9330 Scranton Road, Suite 350 |
| | San Diego, California 92121 |
| 6 | Telephone: (858) 552-1311 |
| 7 | |
| | Alisa C. Simmons (IL Bar No. 6270618) |
| 8 | (*Pro Hac Vice* to be filed) |
| 9 | 120 S. LaSalle Street, Suite 1600 |
| | Chicago, IL 60603 |
| 10 | Telephone: (312) 577-7000 |
| 11 | |
| 12 | Attorneys for Plaintiff |
| | PC SPECIALISTS, INC. |

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: December 14, 2015				FITCH, EVEN, TABIN & FLANNERY LLP

						/s/Jon A. Birmingham
						Jon A. Birmingham (CA Bar No. 271034)
						21700 Oxnard Street, Suite 1740
						Los Angeles, CA 91367
						Telephone: (818) 715-7025

						Attorney for Plaintiff
						PC SPECIALISTS, INC.

## TABLE OF EXHIBITS

Ex. A: USPTO online record for U.S. Trademark Registration No. 2,391,057 ................ 20

Ex. B: USPTO online record for U.S. Trademark Registration No. 2,720,478 ................ 27

Ex. C: online record for U.S. Trademark Registration No. 3,636,960 .............................. 34

Ex. D: USPTO online record for and U.S. Trademark Application Serial
No. 85832866 ........................................................................................................................ 42

Ex. E: USPTO online record for and U.S. Application Serial No. 85832908 ................... 55